IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cockett Marine Oil DMCC, § | |
| § | |
| Plaintiff, § | CIVIL ACTION _____ |
| § | |
| v. § | IN ADMIRALTY, Rule 9(h) |
| § | |
| CI International Fuels, LLC § | |
| CI International Fuels S.A.S § | |
| § | |
| Defendants, and § | |
| § | |
| Bunker One Holding (USA) LLC § | |
| Bunker One Services (USA) LLC § | |
| Maersk Line, Limited § | |
| Maersk Oil Trading Inc. § | |
| Minerva Bunkering (USA) LLC § | |
| Integr8 Fuels America LLC § | |
| Peninsula Petroleum Corporation § | |
| GAC Energy & Marine Services LLC § | |
| LQM Petroleum Services, LLC, § | |
| § | |
| Garnishees. § | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Cockett Marine Oil DMCC ("Cockett") brings this action against CI International Fuels,

LLC and CI International Fuels S.A.S ( collectively, "CI") *quasi in rem* pursuant to

Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs

of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1.     This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §

1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).  Cockett further brings

this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, 8 because it involves a

maritime transaction (sale of marine fuels, "bunkers") for which Cockett seeks security for

arbitration proceedings under the rules of the Society of Maritime Arbitrators ("SMA") or some other location as chosen by the arbitrators and/or parties according to the SMA Rules.

2.      Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3.      Venue is also proper in this District because Defendants' property is or soon will be in this District, held or controlled by the garnishees, who are present for service of process with agents in this District.

4.      Defendants cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5.      Cockett is a corporation organized under the laws of the United Arab Emirates and is a seller of marine fuels ("bunkers"), including buying buyers from entities such as defendants for provision to ocean-going vessels.

6.      CI International Fuels, LLC is a Florida LLC which sold bunkers to Cockett for provision to the M/V KINATSI (IMO 9354052, herein, "Vessel") 9th June, 2021 at Barranquilla, Colombia.  CI International Fuels S.A.S is a Colombian corporation which supplied the bunkers to Cockett for provision to the Vessel, through CI International Fuels, LLC.  The contract between Cockett and CI is a maritime contract, namely, for provision of bunkers to the Vessel for international marine commerce.

7.      Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Cockett reasonably believes hold accounts which are the property of and/or owing to CI.

## Facts

8.      June 3, 2021 Cockett and CI agreed that CI would provide to Cockett for the Vessel at Barranquilla the following bunkers: 200-250 metric tons (MT) very low sulfur fuel oil (maximum sulfur content .5%) meeting the product quality stated in ISO standard 8217, at a price of $562/MT.  The sale contract incorporated CI's Terms calling for SMA arbitration.

9.      CI provided the bunkers to the Vessel at Baranquilla on June 9, 2021.

10.     On or about June 24, 2021, however, Cockett's customer, the charterer/operator of the Vessel, informed Cockett that the bunkers were out of specification under the bunker supply contract, and were unsuitable and unsafe for the Vessel's use because of off-specification for flash point, aluminum and silicate, and sulfur and ash content. Cockett related this to CI, putting CI on notice that bunkers did not meet specification.

11.     On or about June 25, 2021, Cockett, received a demand from the Vessel charterer/operator/owner, a demand that the off-specification bunkers be removed from the Vessel ("de-bunkered").  Cockett related this demand to CI and demanded testing of the bunkers to confirm their off-specification status.

12.     Testing further confirmed that the bunkers were off specification and non-compliant with the Cockett-CI contract.

13.     Cockett demanded that CI pay for the de-bunkering of the Vessel and return to Cockett of all amounts which Cockett paid for the bunkers.  CI refused.

14.     Cockett paid CI $113,000 including terminal fee for the bunkers and also faces expenses of upwards of $50,000 for the de-bunkering of the Vessel, all of which is to the account of CI for CI's failure to meet contract requirements for the bunkers.

## Count I – Breach of Maritime Contract

15.     Cockett incorporates the above paragraphs as if fully set forth herein.

16.     CI breached its maritime contract with Cockett as set out above. Despite repeated demand, Cockett remains unpaid.

17.     Cockett therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

18.     Cockett incorporates the above paragraphs as if specifically set forth herein.

19.     Cockett seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

20.     No security for Cockett's claims has been posted by CI or anyone acting on its behalf to date.

21.     CI cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named Garnishees herein.

### Prayer for Relief

WHEREFORE, Cockett prays:

A.     That in response to Count I, process of maritime attachment be issued to garnish and attach property of CI in the amount of at least **$243,000** (bunker price paid to CI $113,000.00 for the bunkers and an estimated $50,000 for the de-bunkering of the Vessel, plus at least $80,0000 for attorneys' and arbitrators' fees, interest and costs) in security of Cockett's claims asserted in the arbitration commenced according to SMA Rules, upon that amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B.     That in response to Count II, since CI cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process

of Maritime Attachment and Garnishment pursuant to Rule B attaching all of CI's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Cockett's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C.       That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action; and

D.       That this Court award Cockett such other and further relief that this Court deems just and proper.

Dated: September 8, 2021.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Timothy Jay Houseal*
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

*Attorneys for Cockett Marine Oil DMCC*

**OF COUNSEL**
J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 230
Baltimore, Maryland 21030
Telephone:     (410) 783-5795
Facsimile:      (410) 510-1789
jssimms@simmsshowers.com

## <u>VERIFICATION</u>

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers of defendants in this District. There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2021.

*/s/ J. Stephen Simms*
J. Stephen Simms